UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMOND PERRY,

        Petitioner,                      Case Number: 2:12-cv-11469

v.                                          HON. VICTORIA A. ROBERTS

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND TO STAY PROCEEDINGS; (2) ADMINISTRATIVELY CLOSING CASE; AND (3) HOLDING IN ABEYANCE ORDER REQUIRING RESPONSIVE PLEADING**

      Michigan state prisoner Jermond Perry filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for two counts of first-degree murder, one count of felon in possession of a firearm, and one count of felony firearm. The Court issued an order requiring Respondent to file a responsive pleading in accordance with Rule 5, Rules Governing Section 2254 Cases. Now before the Court is Petitioner's motion to amend his petition and to stay further proceedings pending exhaustion of state-court remedies, and Respondent's motion to hold the order requiring a responsive pleading in abeyance.

**I.**

      Petitioner was convicted by a jury in Wayne County Circuit Court as set forth above. He filed an appeal of right in the Michigan Court of Appeals presenting the

following claims: (i) police officer engaged in improper *ex parte* communications with the jury; (ii) the prosecutor exercised peremptory challenges to strike three jurors solely on the basis of their race; (iii) hearsay testimony was improperly admitted; and (iv) a new trial is warranted because two co-defendants exonerated Petitioner at a post-conviction hearing. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Perry,* No. 294223, 2011 WL 118809 (Mich. Ct. App. Jan. 13, 2011).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals. The application was denied. *People v. Perry,* 490 Mich. 872 (Mich. Sept. 26, 2011).

Petitioner then filed the pending petition, in which he raises the claims raised on direct appeal in state court. He has filed a motion to amend his habeas petition. He also seeks to hold his habeas petition in abeyance to exhaust unexhausted claims in state court.

**II.**

Petitioner seeks to amend his complaint to include several ineffective assistance of trial and appellate counsel claims, a prosecutorial misconduct claim, and to amend certain claims already raised in the petition. Section 2242 of Title 28 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Fed. R. Civ. P. 15(a) provides that a party may amend its pleading once as a matter of course provided the amendment is sought, *inter alia*, before service of a responsive pleading. In this case, a responsive pleading has not yet been filed. The Court will grant the motion.

Petitioner asks the Court to stay further proceedings so that he may return to state court to raise unexhausted claims of ineffective assistance of trial and appellate counsel and prosecutorial misconduct. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if: outright dismissal of a habeas petition would jeopardize the timeliness of a future petition; there is good cause for the petitioner's failure to exhaust those claims; the unexhausted claims are not "plainly meritless;" and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

An outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

The Supreme Court did not define "good cause" in *Rhines*, nor has the Sixth Circuit Court of Appeals done so. See *Bates v. Knab*, 2011 WL 2785244, *5 (S.D. Ohio July 15, 2011), *citing Hnatiuk v. Trombley*, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008). A number of federal courts have concluded that the *Rhines* good cause

3

requirement is less stringent than the good cause showing required in the context of procedural default. *See Lockridge v. Ludwick*, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under *Rhines* is something less than the cause needed to excuse a procedural default"); *Bryant v. Greiner*, 2006 WL 1675938, *5 (S.D. N.Y. June 15, 2006) (same); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the showing needed for cause to excuse a procedural default); *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in *Rhines* does not require a showing of "extraordinary circumstances"). Petitioner raises ineffective assistance of appellate counsel as cause for his failure to exhaust the unexhausted claims. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Therefore, the Court finds Petitioner has satisfied the good cause standard.

The Court also must determine whether Petitioner's unexhausted claims are "plainly meritless." In *Rhines*, the Supreme Court did not establish a standard for determining whether a petitioner's claims are "plainly meritless." Most courts applying the standard do so in conclusory fashion without weighing or even considering the evidence. *See e.g., Anthony v. Palmer*, No. 10-cv-13312, 2011 WL 1532162, *2 (E.D. Mich. Apr. 22, 2011) (granting stay under *Rhines* and holding that unexhausted claims are potentially meritorious with no analysis of merits of the claims); *Wengorovius v. Scutt*, No. 09-cv-13228, 2009 WL 2849577, *3 (E.D. Mich. Sept. 1, 2009) (granting stay and

determining that unexhausted claims are not "plainly meritless" based upon an "initial review of the substance of the unexhausted issues" with no further discussion or analysis); *Wright v. Trombley*, No. 07-cv-10965, 2007 WL 4181316, *3 (E.D. Mich. Nov. 27, 2007) (same). *See also Woodson v. Smith*, No. 5:08-cv-2779, 2010 WL 3781579, *4 (N.D. Ohio Sept. 23, 2010) (holding, without further discussion, that petitioner's "claims are potentially meritorious in that none of his claims are plainly without merit"); *Cueto v. McNeil*, No. 08-22655-CIV, 2010 WL 1258065, *16 (S.D. Fla. March 12, 2010) (collecting cases). In *Bartelli v. Wynder*, No. 04-cv-3817, 2005 WL 1155750, *2 (E.D. Pa. May 12, 2005), the District Court for the Eastern District of Pennsylvania held that a petitioner's unexhausted claims were not plainly meritless because they alleged a violation of petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts.

      Here, Petitioner seeks to raise new claims regarding ineffective assistance of trial and appellate counsel and prosecutorial misconduct. All of these claims raise constitutional issues which may form the basis for habeas corpus relief. Thus, Petitioner's claims, if supported by sufficient evidence, are not plainly meritless.

      Finally, Petitioner does not appear to be engaging in intentionally dilatory litigation tactics. Therefore, the Court stays further proceedings matter pending exhaustion of the additional claims.

      When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a

5

petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* He must also ask this Court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

Finally, Respondent filed a motion seeking to hold in abeyance the order requiring a responsive pleading. Given that the Court is granting a stay, Respondent is not now required to file a responsive pleading. If this matter is reopened, the Court will issue an order setting a new responsive pleading date.

## III.

The Court GRANTS Petitioner's "Motion to Amend Petition for Writ of Habeas Corpus and Stay Proceedings Pending State-Court Exhaustion of New Claims" (dkt. # 5). The habeas petition is STAYED and further proceedings are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner mustl file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Clerk of Court must ADMINISTRATIVELY CLOSE this case for statistical purposes only.

The Court GRANTS Respondent's "Motion for Order Holding In Abeyance Order Requiring Responsive Pleading" (dkt. # 7). The Court will set a new responsive pleading date if and when the stay is lifted.

IT IS ORDERED.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 22, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Jermond Perry by electronic means or U.S. Mail on February 22, 2013.<br><br>S/Carol A. Pinegar<br>Deputy Clerk |